**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.D., P.D., and L.M.**

**No. 24-593** (Kanawha County CC-20-2024-JA-135, CC-20-2024-JA-136, and CC-20-2024-JA-137)

## MEMORANDUM DECISION

Petitioner Mother S.M.[1] appeals the Circuit Court of Kanawha County's September 11, 2024, order terminating her parental rights to R.D., P.D., and L.M., arguing that the circuit court erred in denying her a post-adjudicatory improvement period and terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2022, prior to the initiation of the proceedings giving rise to the instant appeal, the DHS filed an abuse and neglect petition against both the petitioner and the father of R.D. and P.D., alleging that the father was conducting drug transactions within the home and that the home was unfit for the children. Specifically, a search of the home revealed it to be dirty and hazardous, having open gasoline containers, knives, and drug paraphernalia inside, all of which were accessible to the children. The petitioner received an improvement period, during which she received extensive services, including parenting and adult life skills classes, transportation, supervised visitation, and drug screening. Ultimately, the circuit court terminated the father's parental rights and, upon the petitioner's successful completion of her improvement period, dismissed the case against her, and ordered the children be returned to her care.

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Bryan Escue appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

However, merely weeks after the dismissal, the DHS filed another petition in March 2024. It alleged that not only had the petitioner allowed the children's previously terminated father into the home with the children, but that the home was again unfit. The petition alleged that the conditions of the home were remarkably similar to those that formed the basis of the 2022 petition as there were once again open gasoline containers, knives, and drug paraphernalia inside and accessible to the children.

At the adjudicatory hearing, the circuit court heard extensive testimony from the petitioner, who denied that she exposed the children to the father, although she admitted that the father and children were in the home at the same time. She also downplayed the hazardous conditions of her home until photographic evidence was presented to the contrary. The court found the petitioner's testimony to be "evasive and not credible." As such, the court adjudicated her an abusing and neglecting parent in regard to all the children.

At the dispositional hearing, the petitioner moved for a post-adjudicatory improvement period.[3] The DHS opposed the motion and recommended termination of the petitioner's parental rights. The DHS presented evidence showing that the petitioner lacked parenting skills during supervised visits, that she missed two visits without communicating with the DHS, and that the children's well-being significantly improved when removed from the petitioner's care. When asked about missing visits with the children, the petitioner failed to take responsibility and minimized her lack of participation. At the conclusion of the hearing, the circuit court found that the petitioner "failed to acknowledge the dangerous conditions she exposed the children to within her home, and . . . that her testimony [was] not credible." The court found that the petitioner was unlikely to participate in an improvement period due to her inability to remedy the same circumstances that led to her previous case and her lack of acknowledgment of the issues. As such, the court denied the petitioner's motion for a post-adjudicatory improvement period. Additionally, the court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of her parental rights was necessary for the children's welfare. Therefore, the court terminated the petitioner's parental rights to the children.[4] The petitioner now appeals the court's order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in terminating her parental rights without granting her a post-adjudicatory improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B) a parent *may* be granted an improvement period if the parent "demonstrates, by clear and convincing evidence, that [they are]

---

[3] Without objection, the court allowed the petitioner leave to file a written motion for a post-adjudicatory improvement period at a later date, which she did.

[4] The court also terminated the father's parental rights to R.D. and P.D. The permanency plan for R.D. and P.D. is adoption by their current foster family. The father of L.M. had his parental rights terminated in a separate action. L.M. is currently placed in a residential treatment facility with a permanency plan of adoption by a foster family.

likely to fully participate in the improvement period." Here, although the petitioner participated in some services, she missed two visits and consistently failed to take responsibility for her actions. In denying the improvement period, the court found that the petitioner failed to acknowledge the issues that led to both the prior and current proceedings. "In order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Further, the court found the petitioner's testimony lacked credibility, and we decline to disturb this finding on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Therefore, we conclude that the circuit court did not err in denying the petitioner's motion for an improvement period and proceeding to termination. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

Next, the petitioner argues that the circuit court erred in terminating her parental rights because less restrictive alternatives were available. Instead of addressing the circuit court's findings at disposition, the petitioner argues that placement of the children in a legal guardianship would have been a more appropriate alternative because she proved that she was able to remedy the issues in the previous case. However, the evidence demonstrated that the petitioner received a plethora of services in the prior case, yet just weeks after the dismissal, the same conditions giving rise to the prior matter resurfaced. Based upon this history along with evidence of the petitioner's failure to acknowledge these conditions, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Circuit courts are permitted to terminate parental rights upon these findings without the use of less restrictive alternatives. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))); W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). To the extent that the petitioner argues that this Court should reweigh the evidence, we note that the weighing of evidence is the exclusive task of the circuit court as the finder of fact and will not be disturbed on appeal. *See In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) ("We . . . do not reweigh the evidence or make credibility determinations."). As such, we conclude that the circuit court did not err in terminating the petitioner's parental rights.[5]

---

[5] To the extent the petitioner argues that she should have received post-termination visitation with all the children, the petitioner fails to cite to law or properly flesh out her assertion. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). As such, we decline to address the issue of post-termination visitation.

For the foregoing reasons, we affirm the circuit court's September 11, 2024, dispositional order.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison